ISAAC B. COHEN & SONS CORP. ⎫ *v.* UNITED STATES
D. HAUSER, INC.       ⎬
               ⎭

Entry No. 99811/6.

(Decided January 16, 1964)

*Siegel, Mandell & Davidson* for the plaintiffs.
*John W. Douglas*, Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: This case is before me on a written stipulation of submission, limiting the present-appeal for reappraisement to certain oblong mirrors, represented by the invoice item marked "A" and initialed "ECA," identified as item 32/8534, and showing that the proper basis for appraisement for the present merchandise is export value, as defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956 (T.D. 54165), and that such statutory value therefor is $3.33 per gross, net, packed, and I so hold.

Judgment will be rendered accordingly.

(Reap. Dec. 10663)

FINWOOD INDUSTRIES, INC. *v.* UNITED STATES

Entry No. 849530, etc.

(Decided January 16, 1964)

*Siegel, Mandell & Davidson* for the plaintiff.
*John W. Douglas*, Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement enumerated in schedule "A," hereto attached and made a part hereof, are before me for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between the respective parties hereto that the merchandise involved in the appeals for reappraisement enumerated in the Schedule attached hereto and made a part hereof, consists of birch plywood exported from Finland in the years 1953, 1954, 1955 and 1956 and that the merchandise described in the Schedule is properly valued on the basis of Export Value as defined in Section 402(d) of the Tariff Act of 1930, as amended.

IT IS FURTHER STIPULATED AND AGREED that the merchandise and the issues involved in the above designated appeals for reappraisement are the same in all material respects as those involved in *United States* v. *Plywood & Door Manufacturers Corporation* A.R.D. No. 133, (decided on remand in R.D. 10151) and that the record in the cited case may be incorporated in the record herein.

IT IS FURTHER STIPULATED AND AGREED that the value or the price of the merchandise described in the Schedule hereto annexed, at the time of exportation of such merchandise to the United States at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise ready for shipment to the United states, was the values set forth in Column "4" of the Schedule, packed, less the pro rated amounts of the nondutiable charges set forth directly after the description of the merchandise in each said reappraisement case set forth in the Schedule.

IT IS FURTHER STIPULATED AND AGREED that this stipulation applies only to birch plywood. The price of all merchandise other than birch plywood appearing on any of the entries herein, such as doors, blockboard, hardboard, etc., is to remain as appraised.

IT IS FURTHER STIPULATED AND AGREED that the appeals for reappraisement enumerated on the Schedule annexed hereto, and made a part hereof, may be submitted for decision on the foregoing stipulation.

On the agreed facts and following the cited decision on the law, I find that the proper basis for appraisement of the birch plywood in question is export value, as defined in section 402(d) of the Tariff Act of 1930, and hold that such statutory value therefor is the values set forth in column "4" of the said schedule "A," packed, less the pro-rated amounts of the nondutiable charges set forth directly after the description of the merchandise in each of the reappraisement cases enumerated in the said schedule.

As to all other merchandise, such as doors, blockboard, hardboard, etc., included in the invoices covered by the entries involved herein, the appraised values thereof are sustained.

Judgment will be rendered accordingly.